## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Guillermo Asabay, | ) | |
| | ) | Case No. 18-cv-1127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AM Wine & Spirits, Inc, D/B/A | ) | |
| Marshfield Wine and Spirits and | ) | Jury Demanded |
| Buddy's Food, Wine and Spirits and | ) | |
| Urmilaben Patel | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Guillermo Asavay ("Plaintiff"), through his attorneys, for his Complaint against AM Wine & Spirits, Inc. and Urmilaben Patel (collectively "Defendants"), states as follows:

## INTRODUCTION

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for  failure to pay minimum wage for all hours worked and failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek. Plaintiff sues under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay all wages when due n.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3.      At all relevant times herein, Plaintiff Guillermo Asavay resided in and was domiciled within this judicial district.

4.      At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5.      At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6.      During the course of his employment, Plaintiff worked in various jobs at convenient/liquor stores operated by Defendants performing the job of cashier as well as other duties such as stocking products, and cleaning and maintaining the building and equipment.

7.      At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8.      Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9.      Defendant AM Wine & Spirits, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant AM Wine & Spirits, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10.      At all relevant times herein, AM Wine & Spirits, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

11.     Defendant Urmilaben Patel is an officer of AM Wine & Spirits, Inc., and was involved in the day to day business operation of Defendant AM Wine & Spirits, Inc. Defendant Urmilaben Patel had the authority to hire and fire persons employed by Defendant AM Wine & Spirits, Inc. including the Plaintiff; the authority to direct and supervise the work of Defendant AM Wine & Spirits, Inc. employees; the authority to sign on Defendant AM Wine & Spirits, Inc. checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12.     Defendant Urmilaben Patel was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13.     Defendants paid Plaintiff in cash and provided no accounting or check stubs indicating the hours he worked, nor the wage rate.

14.     Plaintiff worked from Tuesday to Sunday and his work hours were from 1 p.m. to midnight most days throughout the course of his employment with Defendants.

15.     In year 2015, Plaintiff was pay at a rate of $9.00 per hour. In years 2016-17, Plaintiff's pay increased to $10.00 per hour.

16.     The minimum wage in the City of Chicago increased to $10.00 per hour on July 1, 2015; increased to $10.50 per hour on July 1, 2016; and increased to $11.00 per hour on July 1, 2017.

17.     Plaintiff has signed a consent to sue letter, which is attached to this complaint as an exhibit.

**COUNT I**
**Violation of the Fair Labor Standards Act - Minimum Wages**

18.     Plaintiff incorporates and re-alleges paragraphs 1 through 17 of this Complaint.

19.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 206(a)(1)(C), for their failure to pay Plaintiff the minimum wage for the first forty (40) hours worked per week.

3

20.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

21.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work more than forty (40) hours in individual work weeks.

22.     In year 2015, Plaintiff was paid at a rate of $9.00 per hour and in years 2016-17, Plaintiff's pay increased to $10.00 per hour while working at least eleven-hour days, six days a week.

23.     Plaintiff was entitled to be compensated at a rate of $10.00 per hour from July 1, 2015 to June 30, 2016, at a rate of $10.50 per hour on from July 1, 2016 to June 30, 2017; and at a rate of $11.00 per hour starting July 1, 2017 until the last day of his employment. Defendant failed to pay the rate required pursuant to Chicago City ordinance.

24.     Defendants' failure to pay Plaintiff at least the minimum rate of pay for all time worked under forty (40) hours per week violated the FLSA, 29 U.S.C. § 206(a)(1)(C).

25.     Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage.

26.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay the minimum wage as required under the FLSA was a willful violation of the FLSA, 29 U.S.C. § 206(a)(1)(C).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of the different between the pay Plaintiff was given and what he should have been paid as a minimum wage;

    B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

    C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages

27.     Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

29.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

30.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

31.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

32.     In year 2015, Plaintiff was paid at a rate of $9.00 per hour and in years 2016-17, Plaintiff's pay increased to $10.00 per hour while working at least eleven-hour days, six days a week.

33.     Defendants did not compensate Plaintiff at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

34.     Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

35.     Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

5

36.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law

37.     Plaintiff re-alleges and incorporates paragraphs 1-36.

38.      Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for their failure to pay, throughout the course of Plaintiff's employment, the minimum hourly wage of $8.25 per hour.

39.      During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

40.     During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

41.     In year 2015, Plaintiff was paid at a rate of $9.00 per hour and in years 2016-17, Plaintiff's pay increased to $10.00 per hour while working at least eleven-hour days, six days a week.

42.     Plaintiff was entitled to be compensated at a rate of $10.00 per hour from July 1, 2015 to June 30, 2016, at a rate of $10.50 per hour on from July 1, 2016 to June 30, 2017; and at a rate of

$11.00 per hour starting July 1, 2017 until the last day of his employment. Defendant failed to pay the rate required pursuant to Chicago City ordinance.

43.    Defendants' failure to pay Plaintiff the minimum wage violated the minimum wage provisions of the IMWL, 820 ILCS 105/4(a)(1).

44.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due as provided by the IMWL;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law-Overtime Wages

45.    Plaintiff re-alleges and incorporates paragraphs 1-44.

46.    Count four arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

47.    During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

48.    During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

49.     In year 2015, Plaintiff was paid at a rate of $9.00 per hour and in years 2016-17, Plaintiff's pay increased to $10.00 per hour while working at least eleven-hour days, six days a week.

50.     Pursuant to 820 ILCS 105/4a(1) Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

51.     Defendants did not compensate Plaintiff at the rate of one and one half time his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

52.     Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4a(1).

53.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

54.     Plaintiff re-alleges and incorporates paragraphs 1-53.

55.      Count five arises from Defendants' failure to pay Plaintiff's earned wages when due in violation of the IWPCA, 820 ILCS 115/4.

8

56.    During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

57.    Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

58.    Defendant's had an obligation to pay all wages within 13 days of the end of the pay period in which they were earned.

59.    Defendants' failure to pay all wages when due violated the IWPCA, 820 ILCS 115/4..

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: February 13, 2018

9